## Student Activities at State Teachers Colleges

ARNOLD, Deputy Attorney General, November 27, 1934.—By our formal opinion no. 70, dated October 31, 1932, Coöperative Stores at State Teachers Colleges, 18 D. & C. 678, we advised you that student coöperative associations at State teachers colleges might legally operate stores for sale of books and other small articles needed or wanted by the students. You now inquire whether those student organizations may also be permitted to conduct and be responsible for student athletics, lectures, entertainments, publications, and similar activities. Your problem, as we understand it, is chiefly one of finances, and therefore, reduced to its simplest terms, the question is whether student organizations may be permitted to collect funds and control completely the finances of these activities, without turning the money into the treasury of the college.

It is our understanding that under an informal opinion of the present Attorney General, addressed to your department on October 11, 1929, the colleges themselves have generally sponsored athletic contests and other student activities in much the same way that the normal schools were accustomed to do prior to the time they were taken over by the State. Under that system, fees and admission charges are collected by the colleges and turned in to the State Treasury as required by The Fiscal Code of 1929, and the expenses are paid from the State appropriation. Nevertheless, we see no legal objection to separating these activities from the purely educational activities of the colleges and placing them in the hands of student organizations, subject, of course, to such conditions as the trustees of each institution may prescribe.

However, if such a plan is adopted, we are of the opinion that, as in the case of the coöperative stores, the financing of these activities should be entirely separated from the operation of the college itself. Moneys of the Commonwealth should not be used by or for the activities for which the student organizations are responsible, and the colleges should not collect funds for the organizations. Of course, the organization could have as an officer some member of the college staff, who could receive funds, but he should do so only as an officer of the student organization and not as a representative of the college. We are also of the opinion that, as in the case of coöperative stores, the students' membership in, relationships with, and payments to the student organization should be in fact as well as in form entirely voluntary.

Under these conditions, we advise you that the activities to which you have referred may be conducted by an independent organization at the teachers colleges in much the same manner as coöperative stores were authorized by our formal opinion no. 70, supra, and that the principles stated in that opinion should apply to the extended activities of the organizations under this opinion.

From C. P. Addams, Harrisburg, Pa.